## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT T. BEHLING, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:20-CV-3587-S-BH |
| | ) | |
| ROBERT N. VIRDEN and | ) | |
| VANESSA EDWARDS, | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Before the Court is the plaintiff's certificate of inmate trust account, received January 5, 2021 (doc. 6 at 3).  Based on the relevant filings and applicable law, the certificate should be construed as an application to proceed *in forma pauperis* and **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

### I.  BACKGROUND

On December 8, 2020, the *pro se* prisoner plaintiff filed this action against an attorney and a bank employee. (*See* doc. 3.)  By order dated December 10, 2020, he was notified that he had not either paid the filing fee for this case or submitted a request to proceed *in forma pauperis*.  (*See* doc. 5.)  On January 5, 2021, the Court received plaintiff's request for a stay of this case for 75 days and a certificate of inmate trust account, with an inmate request for withdrawal.  (*See* doc. 6.)  Based on the certificate, by order dated January 7, 2021, it found that the plaintiff had enough assets with which to pay the filing fee and gave him thirty days to pay it.  (*see* doc. 8.)  The order also specifically warned that failure to timely pay the filing fee would result in a recommendation that the case be dismissed.  *Id.*  On February 11, 2021, the plaintiff's motion for modification was construed as a motion for an extension of time to pay the filing fee, it was granted, and his deadline

---

[1]  By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

to pay the fee was extended until March 8, 2021. (*See* docs. 11, 13.) The order again specifically warned that failure to timely pay the filing fee would result in a recommendation that the case be dismissed. *Id.* More than thirty days have passed since that deadline, but the plaintiff has still not paid the filing fee.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's certificate of trust account shows that he has $11,406.81 in his prison account. He has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the required $402.00 filing fee.[2] He has sufficient assets with which to pay the full filing fee in this action, and his application to proceed *in forma pauperis* should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee is deducted from the prisoner's account. *See id.*

power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff was twice ordered to pay the filing fee. He was specifically warned that failure to do so would result in a recommendation that the case be dismissed. Because he failed to comply with an order that he pay the filing fee after a finding that he had sufficient assets with which to do so, his case should be dismissed.

## IV. RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he pays the filing fee within the time for objecting to this recommendation or some other deadline set by the Court.

**SO ORDERED this 8th day of April, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4