# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SCOTT T. BEHLING, )<br>Plaintiff, )<br>vs. )<br>)<br>ROBERT N. VIRDEN and )<br>VANESSA EDWARDS, )<br>Defendants. ) | No. 3:20-CV-3587-S-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Before the Court is the plaintiff's *Motion for Judgment on the Pleadings*, received on July 12, 2021 (doc. 7). Based on the relevant filings and applicable law, the motion should be **DENIED**, and the case should be dismissed for failure to state a claim.

## I. BACKGROUND

On December 8, 2020, the *pro se* prisoner plaintiff filed this action against an attorney and a bank employee on the standard prisoner's civil rights complaint form. (*See* doc. 3.) He contended that the attorney had established a revocable living trust for him and violated the terms and conditions of the trust by withdrawing funds without consent, and that the funds were subsequently received by a company owned by a current prisoner and another person. (*See id.* at 3, 9, 11-12, 15.)[2] Although he conceded that the attorney attempted to cover the loss of funds, the plaintiff claimed that the company's owners still retained a number of irreplaceable documents. (*See id.* at 11.) The bank employee allegedly ignored the plaintiff's pleas for assistance and chose to allow the attorney's actions. (*See id.* at 3.) The plaintiff sought the return of the missing funds in the amount of $12,500.00, and a reasonable settlement. (*See id.* at 4.)

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

A.    **Filing fee**

By order dated December 10, 2020, the plaintiff was notified that he had not either paid the filing fee for this case or submitted a request to proceed *in forma pauperis*. (*See* doc. 5.) On January 5, 2021, the plaintiff's request for a stay of this case for 75 days, accompanied by a certificate of inmate trust account and an inmate request for withdrawal of funds, was received. (*See* doc. 6.) Based on the certificate, by order dated January 7, 2021, the court found that the plaintiff had enough assets with which to pay the filing fee and gave him thirty days to pay it. (*See* doc. 8.) On February 11, 2021, his "motion for modification" was construed as a motion for an extension of time to pay the filing fee, it was granted, and the plaintiff's deadline to pay the fee was extended until March 8, 2021. (*See* docs. 11, 13.) Because he failed to timely pay the fee, on April 8, 2021, it was recommended that the case be dismissed for failure to prosecute or follow court orders. (*See* doc. 21.) On May 17, 2021, the plaintiff sought another stay of the case to allow him an opportunity to pay the filing fee, he was granted an extension of time to pay the filing, and the recommendation for dismissal was vacated. (*See* docs. 24, 25.) The plaintiff's filing fee was received on June 21, 2021. (*See* Receipt No. DS132070.)

B.    **Claims**

Also on December 10, 2020, the plaintiff was sent a magistrate judge's questionnaire to obtain more information about his claims. (*See* doc. 4.) His initial response, received on January 26, 2021, contended that "the Patriot Act, one count of wire fraud place this cause in a federal arena!" (*See* doc. 9 at 7.) His second response clarified that he was suing the attorney and the bank employee under 42 U.S.C. § 1983, and that he contended without explanation that they were state actors. (*See* doc. 10 at 2-3, 8-11.) He did not directly respond to the questions regarding the specific

causes of action that he was asserting against the defendants, or the federal law or constitutional provisions that they allegedly violated, if any. (*See id.* at 1, 4, 8-11.) He reiterated his claim that the attorney had violated the terms of the revocable living trust and his request for return of the missing $12,500.00, as well as compensatory damages in the amount of $12,500.00. (*See id.* at 10-11.) With a subsequent "Motion to Define Jurisdiction," received on April 22, 2021, the plaintiff included a letter referencing his discussion with the company's prisoner owner and instructing the attorney to pay his company, but he contends that the signature on the letter is a forgery. (*See* doc. 22 at 9.)

The plaintiff also amended his complaint to add the company's prisoner owner as a defendant, but his amended complaint contained no allegations relating to any defendant; it merely attached copies of his grievances concerning his treatment in custody. (*See* doc. 15.) The amended complaint was therefore ordered unfiled in this case and opened as a separate lawsuit concerning his conditions of confinement. (*See* doc. 17.) The plaintiff's "Motion to Define Jurisdiction" also lists the company's prisoner owner as a defendant on the "Service Sheet," but the filing likewise contains makes no allegations specific to that defendant. (See doc. 22 at 33.)

## II.  FAILURE TO STATE A CLAIM

It is well established that a district court may dismiss a complaint on its own motion under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[3] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75

---

[3] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

F.3d 190, 196 (5th Cir. 1996). "*[P]ro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at

4

570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**A.      42 U.S.C. § 1983**

The plaintiff expressly sues the defendants under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Here, in none of his filings[4] does the plaintiff allege any facts showing that any defendant is a state actor. A private party may be acting "under color of state law" and be held liable under § 1983 in certain circumstances, however. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989). In *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004), the Fifth Circuit explained that "[f]or a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id.* at 420 (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam)). A plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Priester*, 354 F.3d at 420; *see also Avdeef*, 616 F. App'x at 676. Allegations that are merely conclusory, without reference to specific facts, will not suffice. *Id.* (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)). Here, the plaintiff makes no allegations at all that

---

[4] The plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

5

would support any finding of an agreement between the defendants and a state actor.

Because he fails to state a plausible claim upon which relief may be granted against any of the defendants, his § 1983 claims against them should be dismissed under Rule 12(b)(6) on the court's own motion for failure to state a claim.

**B.    Criminal Statutes**

To the extent that the plaintiff's reference to wire fraud may be construed as seeking to enforce a criminal statutes, violations of criminal statutes do not give rise to a private cause of action. *See Hanna v. Home Insurance Co.*, 281 F.2d 298, 303 (5th Cir.1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."), *cert. denied*, 81 S.Ct. 751 (1961); *see also Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) ("Private citizens do not have the right to bring a private action under a federal criminal statute.") (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion;" private citizens have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F.App'x 261, 262–63 (5th Cir. 2005) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007) (private party may not enforce criminal statutes through a civil action).  To the extent that the plaintiff seeks to enforce criminal statutes against any defendants in this district by this lawsuit, she fails to state a claim upon which relief may be granted.

### III.  JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized

6

by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.,* 896 F.2d 170, 173 (5th Cir.1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.; Burge v. Parish of St. Tammany,* 187 F.3d 452, 465–66 (5th Cir.1999). In fact, Fed.R.Civ.P. 12(h)(3) requires a court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

Other than § 1983 and a reference to wire fraud, the plaintiff neither identifies nor asserts any federal causes of action against the defendants, nor makes any allegations to support any federal cause of action against them. To the extent that the plaintiff's claims against the defendants may be construed as arising under state law, federal courts have no jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Complete diversity "does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (emphasis in the original). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, the plaintiff does not allege that the defendants are citizens of another state, and he

7

provides service addresses in Texas for all three. He has therefore not met his burden to show that complete diversity exists between the parties, and any state law claims should be dismissed for lack of subject matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.,* 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state). The plaintiff has also failed to allege that the amount in controversy exceeds the jurisdictional limit for purposes of diversity jurisdiction, since his estimated damages do not exceed $25,000.00. Any state law claims are therefore also subject to dismissal for lack of subject matter jurisdiction on this basis.

## IV. OPPORTUNITY TO AMEND

Although a court may dismiss a complaint on its own motion, the process for doing so must be fair. *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998) (quoting 5A Wright & Miller, Fed. Practice and Procedure § 1357, at 301 (2d ed.1990)). This requires notice of the intent to dismiss and an opportunity to respond. *Id.*[5] "'Generally a district court errs in dismissing a pro se complaint for failure to state a claim without giving the plaintiff an opportunity to amend.'" *Amanduron v. American Airlines*, 416 F. App'x 421, 423 (5th Cir. 2011) (quoting *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir.1998)). Where a court finds that the plaintiff has alleged his or her best case, however, dismissal with prejudice without an opportunity to amend is appropriate. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, an opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, at *1 (5th Cir. 2011)

---

[5] The recommendation of a U.S. Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object satisfies this requirement. *See Leeson v. Guadalupe County*, 2011 WL 2462236, at *1 (W.D. Tex. June 16, 2011) (finding process to be fair); *Richardson v. Jindal*, 2009 WL 2019420, at *2 (W.D. La. July 7, 2009) (finding process provided sufficient notice and opportunity to be heard).

(quoting *Eason v. Thaler*, 14 F.3d 8, 9 n. 5 (5th Cir. 1994)).

In this case, the plaintiff's federal claims cannot be remedied by an opportunity to amend or further factual development. He was specifically given the opportunity in the questionnaire to explain why the defendants are state actors, and he subsequently filed a supplement to his complaint, but he still failed to allege facts to support a finding of state action or any other federal cause of action. To the extent that his allegations may be construed as asserting claims under state law, subject matter jurisdiction is lacking. Because it appears that the plaintiff has alleged his best case, no further opportunity to amend appears warranted.

## V. RECOMMENDATION

The plaintiff's *Motion for Judgment on the Pleadings*, received on July 12, 2021 (doc. 7), should be **DENIED**, his federal claims should be *sua sponte* **DISMISSED** with prejudice for failure to state a claim, and any state law claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED** this 13th day of July, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE